CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY LEE HUGHES | ) |
| Plaintiff, | ) Case No. 7:04CV00309 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| FREIGHTLINER, LLC, *et al.*, | ) |
| | ) By: James C. Turk |
| Defendants. | ) Senior United States District Judge |

The plaintiff has moved the court to take judicial notice of a decision rendered by an administrative law judge of the Social Security Administration ("SSA"). Because the ALJ's findings and decision are facts that are not proper for judicial notice, the plaintiff's motion to take judicial notice is **denied**.

### I.

On May 23, 2003, the plaintiff filed a claim for disability insurance benefits with the SSA. His claim was initially denied. On appeal, the ALJ found that the plaintiff was disabled and awarded him benefits. The ALJ specifically found that the plaintiff has various "severe impairments" and does not have the capacity to work in almost the entire range of vocations in the national economy. See Plaintiff's Motion to Take Judicial Notice, Exhibit 1 at 7-8. The plaintiff moves this court to take judicial notice of these facts for the purpose of proving the degree and severity of his injuries stemming from the alleged tortious conduct of the defendants.

### II.

Pursuant to Fed. R. Evid. 201(b)(2), "[a] judicially noticed fact must be one not subject to

1

reasonable dispute in that it is . . . capable of ready and accurate determination by resort to sources whose accuracy cannot be reasonably questioned." See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989). Although the plaintiff is correct that the court may take judicial notice of the proceedings of another court, see id., the court cannot take judicial notice of another court's findings of fact for the truth asserted therein because such facts are usually disputed. See, e.g., Taylor v. Charter Medical Corp., 162 F.3d 827, 830 (5th Cir, 1998); see also Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[A] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'"). The findings and opinion of the ALJ are facts that are not undisputed.

A contentious issue in the instant action is the degree and severity of the plaintiff's injuries resulting from the accident that he was involved in while operating the truck manufactured by the defendants. Both sides have experts that will offer contrasting testimony as to the gravity of the plaintiff's injuries. Although the ALJ's findings derived from the evidence is probative, it is certainly not dispositive or above reproach to the extent necessary to be reasonably undisputable for purposes of FRE 201(b)(2).

Furthermore, although the ALJ's decision may be relevant, it would be improper for the court to take judicial notice and allow the trial jury to hear of the ALJ's order because it would unduly prejudice and influence the jury. See Fed. R. Evid. 403. As the Nipper court held, the practical reason for denying evidentiary effect to judgments, such as those made by quasi-judicial entities, is "the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present." See Nipper v. Snipes, 7 F.3d

415, 418 (4th Cir. 1993). "The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment." Id. Although the plaintiff may present the evidence that was in front of the ALJ to the jury in this action, it may not introduce the ALJ's findings of fact and decision.

ENTER: This 28th day of June, 2006.

James C. Turk
Senior United States District Judge